UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BORTON & SONS, INC., a Washington Corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>NOVAZONE, INC., n/d/b/a PURFRESH, INC., a California Corporation,<br><br>        Defendant. | NO. CV-08-3016-EFS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR AN AWARD OF PREJUDGMENT INTEREST** |

A hearing occurred in the above-captioned matter on May 11, 2011, in Yakima, Washington. Plaintiff Borton & Sons, Inc. ("Borton") was represented by Jay Carroll and James Elliott. August Cifelli and Jonathon Minear appeared on behalf of Defendant Novazone, Inc, which is now doing business as Purfresh, Inc. ("Purfresh"). Before the Court were Borton's Motion for Award of Attorney Fees and Litigation Costs, ECF No. 209, and Motion for an Award of Prejudgment Interest, ECF No. 214. This Order supplements and memorializes the Court's oral ruling granting Borton prejudgment interest. The Court took the attorney-fees motion under advisement at the hearing; however, after the hearing, the Court determined it must recuse itself. ECF No. 250. Therefore, the pending attorney-fees motion will be heard by Senior Judge Robert Whaley.

ORDER * 1

**A.   Prejudgment Interest**

Borton asks the Court to modify the March 18, 2011 judgment, ECF No. 207, to include an award of prejudgment interest, contending that the sum awarded by the jury is a liquidated sum because Purfresh did not challenge the measure used to compute damages, only the inputs to be used. Purfresh opposes the motion because the damages were unliquidated since the jury had to use its discretion to determine damages, as is evidenced, in part, by the jury's reduction for failure to mitigate. Plus, Purfresh submits that a UCC (or RCW chapter 62A) action does not have a right to prejudgment interest.

The question of whether an award of prejudgment interest should be awarded is a matter of law for the Court, and the Court turns to state law to answer this question. *See Landsberg v. Scrabble Crossword Game Players*, 802 F.2d 1193, 1200 (9th Cir. 1986); *Dep't of Corr. v. Fluor Daniel, Inc.*, 160 Wn.2d 786, 789 (2007). Taking Purfresh's last argument first, determining whether prejudgment interest may be awarded in Washington does not depend on the legal nature of the successful claim. Rather, a court may award prejudgment interest on 1) a liquidated claim, i.e., "where the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance on opinion or discretion," or 2) an unliquidated claim that is otherwise determinable by reference to a fixed contractual standard without reliance on opinion or discretion. *Prier v. Refrigeration Eng'g Co.*, 74 Wn.2d 25, 32 (1968); *Forbes v. Am. Bldg. Maint. Co. W.*, 170 Wn.2d 157, 164 (2010). A key focus under either prong is whether the measure of damages or the determination of principle requires the fact finder to exercise discretion. *Maryhill*

ORDER * 2

*Museum of Fine Arts v. Emil's Concrete Constr. Co.*, 50 Wn. App. 895, 903 (1988) (determining that water-leak damage to the museum was unique and without a market value and the trial court had to use discretion to measure the damages). It is immaterial to this analysis whether causation was disputed, the amount of damages was disputed, or the judgment-debtor successfully challenged the claimed amount. *Prier*, 74 Wn.2d at 33; *Aker Verdal A/S v. Neil F. Lampson, Inc.*, 65 Wn. App. 177, 192 (1992). The rationale for allowing prejudgment interest is to prevent the judgment-debtor from receiving the benefit of the charged interest. *Prier*, 74 Wn.2d at 34; *Hansen* v. *Rothaus*, 107 Wn.2d 468, 473 (1986).

Here, the jury found Borton's actual damages to be $1,008,000 and then reduced this amount by $238,000 for Borton's failure to mitigate, resulting in a total damages award of $770,000. The Court finds Borton's damages award of $770,000 was liquidated. The jury did not exercise discretion to determine the measure to calculate this damages award. If Borton established causation, the parties agreed that damages would be measured by multiplying the number of packed non-ozone-treated apples by the price received for such apples: this information was obtained from the packout reports. From this amount, the jury would subtract the diminished value of the ozone-treated apples.

After deciding causation in Borton's favor, this is the measure of damages the jury used. Based on the evidence presented, the jury determined that Borton should have mitigated its damages by $238,000 by repacking some of the ozone treated apples and/or removing those apples from ozone treatment sooner. Once the inputs were determined, damages were calculated without reliance on opinion or discretion; rather, the

ORDER * 3

jury utilized the packout reports. Purfresh's unsuccessful lack-of-causation defense and successful mitigation defense does not diminish the fact that the "evidence furnishe[d] data which, if believed, ma[de] it possible to compute the amount with exactness, without reliance on opinion or discretion." *Prier*, 74 Wn.2d at 32.

Accordingly, prejudgment interest at the rate of twelve percent per annum is awarded.  RCW 19.52.010(1); *see Thomas v. Ruddell Lease-Sales*, 43 Wn. App. 208, 216 (1986).  Prejudgment interest shall rule from September 30, 2005 (date of final sales relating to all rooms), to March 18, 2011 (date of judgment).

**B.   Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED:**

1.   Borton's Motion for an Award of Prejudgment Interest, **ECF No. 214**, is **GRANTED**.  An amended judgment is to be entered awarding Borton prejudgment interest on the awarded damages of $770,000 at the rate of twelve percent (12%) per annum beginning September 30, 2005, to March 18, 2011.

2.   Borton's Motion for Award of Attorney Fees and Litigation Costs, **ECF No. 209**, will be heard by Judge Whaley.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and to provide copies to counsel and Judge Whaley.

**DATED** this  16th    day of May 2011.

                              S/ Edward F. Shea
                              EDWARD F. SHEA
                          United States District Judge

ORDER * 4