UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BORTON & SONS, a Washington corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>NOVAZONE, INC., ndba PURAFRESH, INC., a California corporation,<br><br>    Defendant. | NO. CV-08-3016-RHW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Plaintiff timely moves the Court to reconsider its June 15, 2011, Order (ECF No. 262) denying Plaintiff attorneys' fees. This matter was heard without oral argument, and the parties are all too familiar with the facts. The Court acknowledges it erroneously cited to an inapplicable statute in a portion of its Order. However, the Order's reasoning was cast in the alternative, and it is that alternative holding on which the Court relies to deny Plaintiff's motion.

## STANDARD

Brought under FRCP 59(e), motions for reconsideration are sparingly granted. They are proper only when the moving party presents newly discovered evidence or demonstrates that the Court committed clear error, or if there is an intervening change in the controlling law. <u>Kona Enterprises, Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000). Only when a manifest error overcomes the interests of finality and conservation of judicial resources should such a motion be granted.

**ORDER DENYING RECONSIDERATION \* 1**

## ANALYSIS

Although the jury found that the Letter Agreement containing the fee provision was unenforceable, Plaintiff claims it is entitled to fees under <u>Herzog Aluminum, Inc. v. General American Window Corp.</u>, 39 Wn. App. 188 (1984). <u>Herzog</u> involved an action brought by a buyer against a seller of windows. The parties had negotiated for the seller to provide windows and purported to enter into a contract containing a unilateral attorneys' fee provision. But the parties were unable to agree as to a method of payment, and the seller did not provide the windows. Herzog held that the seller could nevertheless recover fees. RCW 4.84.330 provides:

> In any action on a contract or lease . . . which such contract or lease specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or lease or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.

Interpreting this statute, the court determined that: (1) the lawsuit was an "action on a contract," and (2) the seller was the prevailing party. Accordingly, the court determined fees were appropriate, although the contract was unenforceable, because the seller successfully defended a claim brought "on the contract."

The Court believes that <u>Herzog</u>'s goal is avoiding the unfairness created by permitting the proponent of a contract to recover fees but prohibiting the opponent from doing so if he chooses to argue that the contract is a nullity. This is evidenced by the text of RCW 4.84.330, which amends all unilateral fee clauses to bilateral, and the court's own statements about the "oppressive use of one-sided attorneys' fees provisions." <u>Id.</u> at 196 (citation omitted). Rather than creating a simple *per se* rule that parties defending an unenforceable contract are always entitled to fees, <u>Herzog</u> counsels courts to balance the equities and determine when fees are necessary to avoid asymmetrical use of a contractual provision.

Subsequent cases have bore out this principle, most notably by distinguishing between circumstances where the parties *intended* to form a contract (but failed due to some operation of law), and those where the parties never intended to be bound. *See*

**ORDER DENYING RECONSIDERATION \* 2**

Wallace v. Kuehner, 111 Wn. App. 809 (2002). In Wallace, a father sued his daughter for repayment of a loan. Although the parties had drafted a written promissory note, the father threw it in the garbage and it was never signed. Instead, the father relied on an oral contract for repayment, but the statute of limitations barred his claim. His daughter, relying on Herzog, sought attorneys' fees under the unexecuted promissory note for defending the oral contract. After considering Herzog and its progeny, the court denied fees, reasoning:

> We see a distinguishing characteristic between Herzog and the cases that followed it: The parties intended to form a contract, but for some reason, whether due to a lack of a meeting of the minds (Herzog), mutual mistake (Stryken), or statute of limitations (Yuan), the contract was not enforceable. In contrast, here, there was no intention to form a contract.

Id. at 822 (internal citations omitted). Wallace echoes the equitable rationales underlying Herzog. The daughter was not entitled to make use of the attorneys' fee provision because it was a benefit for which she did not intend to bargain.

The Court finds Wallace is particularly instructive. Like in this case, the successful party prevailed under an oral contract and defended against the written one by arguing it never came into existence. Just as the draft promissory note never matured into a contract, neither did the Letter Agreement between Plaintiff and Defendant because Plaintiff's agent lacked the authority to bind. As in Wallace, Plaintiff never intended the Letter Agreement to be enforceable.

Plaintiff argues fees are appropriate because it "defended" enforcement of the Letter Agreement to the extent necessary to give effect to the oral contract. It points to several issues relating to the Letter Agreement for which it had the burden of proof at trial. But the argument that this entitles it to fees for the entire lawsuit is belied by the fact that Plaintiff brought suit on the oral contract without knowledge that the Letter Agreement even existed and would have incurred fees regardless. Moreover, the Wallace court found Herzog inapplicable even where the daughter incurred expense solely to defend against the contract's existence. Here, while Plaintiff may have incurred additional expense defending against enforcement of the Letter

**ORDER DENYING RECONSIDERATION * 3**

Agreement, its theory of the case--for breach of warranties--relied entirely on the oral contract, the one that lacked the warranty disclaimers. It would be inequitable, and thus contrary to Herzog, to allow Plaintiff to renounce intent to enter into the Letter Agreement when doing so is detrimental, and yet later selectively ratify one of the benefits it conferred.

The Court's original order contained the foregoing analysis. (ECF No. 262, at 3-4). It made the mistake of also citing to RCW 4.34.330, which Plaintiff correctly notes is inapplicable to fee provisions, like that in the Letter Agreement, that are already bilateral. Kaintz v. PLG, Inc., 147 Wn. App. 782, 786-87 (2008). Nevertheless, the statutory portion of the Court's order was not exclusive, and for the reasons discussed the Court believes Herzog was a case about general principles of equity more than it was one about statutory interpretation. *C.f.* Mt. Hood Beverage Co. v. Constellation Brands, Inc., 149 Wn.2d 98, 121-22 (2005) (Herzog's "same principles apply" to recovering attorneys' fees for challenging a statute). As it did in the original Order, the Court finds that Herzog's balancing does not favor Plaintiff.

## CONCLUSION

The Court believes that the alternative holding in the original Order is still sound. Plaintiff's motion is respectfully denied.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Reconsideration (ECF No. 263) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 10th day of August, 2011.

    *s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\aCIVIL\2008\Borton & Sons\reconsider.ord.wpd

**ORDER DENYING RECONSIDERATION * 4**